

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Ronald Milliken,<br>      Employee, | ) | Docket No. 2016-06-1437 |
| v. | ) | |
| Wayne Day Enterprises, | ) | State File No. 622-2015 |
|       Employer, | ) | |
| And | ) | Judge Kenneth M. Switzer |
| Union Standard Insurance Group, | ) | |
|       Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the undersigned Workers' Compensation Judge on February 8, 2017, on Mr. Milliken's Request for Expedited Hearing. The present focus is his entitlement to a second opinion and temporary disability benefits. The Court holds Mr. Milliken failed to introduce sufficient evidence to satisfy his burden and denies his request.

### History of Claim

This dispute involves an accepted claim and the next steps, if any, in Mr. Milliken's treatment.

Mr. Milliken worked at Wayne Day Enterprises as a construction worker. He injured his low back and right leg at work on January 2, 2015. Shortly afterward, Mr. Milliken began treating with Dr. Rodney Wachter, a chiropractor, whom he stated he chose from a panel. At his last visit, Dr. Wachter referred him to a specialist. An unsigned, undated Choice of Physicians form indicates Mr. Milliken selected Dr. R. Christopher Glattes from a panel; Mr. Milliken testified that he likely signed the form but simply did not have a signed copy. He did not dispute Dr. Glattes' status as a treating physician.

Mr. Milliken saw Dr. Glattes on four occasions from February through May. At

1

the first visit, Dr. Glattes placed him on restrictions and noted "assessment: pain lumbar . . . Radiculopathy- Lumbar rt leg due to work injury." At Mr. Milliken's final visit, Dr. Glattes continued the work restrictions and referred him directly to physiatry under Dr. Jeffrey Hazlewood. (Ex. 2 at 60.) Dr. Glattes additionally noted a follow-up appointment was "[n]ot required. He is to continue care through Physiatry. PRN (as needed) –Patient instructed to contact us with any questions or concerns, and a follow up appointment may then be scheduled." *Id.* Mr. Milliken testified that Dr. Glattes expressed concern, but overall Dr. Glattes' treatment did not relieve his pain.

Mr. Milliken saw Dr. Hazlewood on four occasions from July through December. Mr. Milliken testified regarding the poor doctor-patient relationship between them. Specifically, he took issue with the accuracy of Dr. Hazlewood's records, explaining that he told Dr. Hazlewood he wanted to return to his job, but the records suggest he did not want to work.

Per the records, at the first visit, Dr. Hazlewood reviewed both the actual images from and a report of an MRI, which he characterized as an "unremarkable study." He noted Dr. Glattes recommended against surgery, and, "at no point in the records did Dr. Glattes get an objective radiculopathy, it appears." Dr. Glattes' records recommended EMG testing, which Dr. Hazlewood agreed to perform. Dr. Hazlewood administered injections, referred Mr. Milliken for physical therapy, and kept him on restricted duty.

In subsequent visits, Dr. Hazlewood performed an EMG that yielded "unremarkable" results. Dr. Hazlewood noted he "cannot explain pain and lack of improvement," but nonetheless recommended Mr. Milliken continue physical therapy. Later, Dr. Hazlewood noted that Mr. Milliken's pain was worsening and he "cannot explain why." (*See generally* Ex. 2 at 85-87.) He placed Mr. Milliken at maximum medical improvement and assigned a zero-percent whole-body impairment rating with no permanent restrictions. Dr. Hazlewood's note explained:

> To provide more than a 0% impairment in a case such as this, one must have consistency, reliability and validity of presentation. The fact he is getting worse, not better, has no objective findings, and really stresses today, "I can't return to work" make [sic] me concerned about subjective reliability here.

At some point afterward, Mr. Milliken sought treatment from his primary care physician, who referred him to Dr. John Spooner, a neurosurgeon. Mr. Milliken introduced Dr. Spooner's April 13, 2016 order for x-rays (Ex. 1 at 3), but no additional medical records from either Dr. Spooner or his PCP. He did not introduce notes documenting the x-ray results. Mr. Milliken testified, without objection, that his PCP reviewed results of an unauthorized MRI and told him his back condition is work-related.

2

At his final visit with Dr. Hazlewood, he and Mr. Milliken disagreed regarding the circumstances surrounding Mr. Milliken obtaining the subsequent, unauthorized MRI and its results. Dr. Hazlewood documented their disagreement in his records. Mr. Milliken disputed Dr. Hazlewood's account and his willingness to treat him during his testimony, stating, "After speaking with him that very last time, I've seen that he is not for me." Dr. Hazlewood's notes from that visit state twice that Mr. Milliken sought "secondary gain" from his injury.

Mr. Milliken testified that he enjoyed his job, remains friendly with his supervisor and the owner of the business, Wayne Day, and considers him a father figure. He attempted to return to work for another employer driving a dump truck, but he found the pain made it impossible and quit after one day. Mr. Milliken said, "I want to get over this and get back to a normal life." He further stated that repetitive motion, such as washing dishes, causes him pain. He asked the Court to order Wayne Day to authorize a second opinion. For its part, Wayne Day argued the Workers' Compensation Law does not allow for a second opinion on diagnosis alone and it has provided all benefits to which Mr. Milliken is entitled.

**Findings of Fact and Conclusions of Law**

In general, Mr. Milliken, as the employee, bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *see also Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Sept. 29, 2015). At an expedited hearing, Mr. Milliken has the burden to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The evidence demonstrated that after Mr. Milliken's injury, Wayne Day accepted the claim and provided two panels of physicians. Mr. Milliken selected Drs. Wachter and Glattes, respectively, as his authorized treating physicians from the panels as required under Tennessee Code Annotated section 50-6-204(a)(3)(A)(1).

Mr. Milliken complained he did not select Dr. Hazlewood from a panel. However, the statute does not require Wayne Day to offer a panel under these circumstances. Section 50-6-204(a)(3)(A)(ii) states in pertinent part, "When necessary, the treating physician selected in accordance with this subdivision . . . shall make referrals to a specialist physician[.]" Per the medical records, the Court finds Dr. Glattes referred Mr. Milliken directly to Dr. Hazlewood for specialty care, physiatry.

The statute further states that, where the treating physician has referred the employee to a specialist, that specialist becomes the treating physician until the specialist's treatment concludes and the employee is referred back to the original treating

3

physician. Tenn. Code Ann. § 50-6-204(a)(3)(E). Here, Dr. Hazlewood has not concluded his treatment, since he noted he would see Mr. Milliken back as needed. Further, he has not referred Mr. Milliken back to Dr. Glattes. Because section 50-6-204(a)(3)(H) provides any treatment recommended by a physician selected from a panel, or by referral, shall be presumed necessary, and because Dr. Hazlewood expressed a willingness to further treat Mr. Milliken, Mr. Milliken remains entitled to medical benefits with Dr. Hazlewood.

The Court is well aware the records clearly document Dr. Hazlewood's mistrust of both Mr. Milliken's motives and truthfulness. These assessments are not medical judgments but personal opinions of the caregiver. They are not the province of the caregiver, are better left to the trier of fact and carry no weight with this Court. In contrast, this Court finds Mr. Milliken credible. During his testimony, he sounded calm, at-ease, self-assured, steady, confident, forthcoming, reasonable and honest, all of which are indicia of credibility. *See Kelly v. Kelly,* 455 S.W.3d 685, 694-5 (Tenn. 2014). Mr. Milliken testified that he still experiences disabling pain. The testimony of the employee as to his physical limitations "must always be taken into consideration." *Lambdin v. Goodyear Tire & Rubber Co.,* 468 S.W.3d 1, at *13 (Tenn. 2015).

The Court is sensitive to Mr. Milliken's likely reluctance to return to Dr. Hazlewood because of their strained doctor-patient relationship. Regardless, the statute leaves this Court no alternative regarding Mr. Milliken's request for a second opinion. Section 204(a)(3)(C) entitles an injured worker to a second opinion only "on the issue of surgery and diagnosis." The Appeals Board recently held there is no entitlement to a second opinion on the issue of diagnosis alone. *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016). Therefore, the Court cannot order a second opinion regarding the sole question of diagnosis.

Finally, Mr. Milliken testified that his primary care physician and Dr. Spooner, reached different conclusions than those of Dr. Hazlewood regarding proper diagnosis and treatment. However, Mr. Milliken's only documentary evidence – an order for x-rays – is several months old and offers neither a rationale for the testing nor an explanation that the testing was necessary for treatment of a work-related injury. Thus, Mr. Milliken failed to satisfy his burden of proof when he introduced no medical records to substantiate this claim. The Court is constrained to the record before it, because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016); *and see Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015) ("Judges are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses *absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record.*") (emphasis added).

In conclusion, Mr. Milliken has not come forward with sufficient evidence from which this Court might conclude he is likely to prevail at a hearing on the merits regarding his entitlement to a second opinion.

As for his request for additional temporary total disability benefits, Mr. Milliken made no arguments. Arguably, he waived the issue. Regardless, he failed to establish any "disability" after Dr. Hazlewood placed him under no restrictions on August 27, 2015. *See Jones v. Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7-8 (Dec. 11, 2015) ("An injured worker is eligible for temporary disability benefits if: (1) the worker became *disabled* from working due to a compensable injury[.]") (emphasis added).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Milliken's claims against Wayne Day and its carrier for a second opinion and temporary disability benefits are denied at this time, although he remains entitled to additional medical benefits in the form of treatment with Dr. Hazlewood.

2. This matter is set for a Scheduling Hearing on March 27, 2017, at 8:30 a.m. Central time. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing.** Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED this the 13th day of February, 2017.**

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Exhibits:

1. Affidavit
2. Composite medical records
3. First Report of Injury
4. Wage statement
5. Choice of Physician form

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement
5. Employer's Witness and Exhibit List

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 13th day of February, 2017.

| Name | Regular Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Ronald Milliken, Self-Represented | X | | x | ronmilliken@yahoo.com; 604 Mason Court, Whitehouse TN 37072 |
| Anne McKnight, Employer's Counsel | | | x | amcknight@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6